Filed 5/28/15  In re Ty N. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re TY N., a Person Coming Under the Juvenile Court Law. | B257074 (Los Angeles County Super. Ct. No. DK03853) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>D.N.,<br><br>        Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Julie Blackshaw, Judge.  Affirmed.

Judy Weissberg-Ortiz, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

**SUMMARY**

D.N. (Father) appeals from the juvenile court's visitation order entered at disposition and the referee's removal order. Father contends that the juvenile court abused its discretion because the visitation order in effect provides for no immediate visitation for Father with his son. Father also contends that the referee's removal order was invalid because the order was never signed by a judge.

We disagree with these contentions and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Father is a registered sex offender pursuant to Penal Code section 290[1] and was on post release community supervision (PRCS) supervised by the Probation Department at the time of the events underlying the juvenile court proceedings.

On February 26, 2014, the Los Angeles Department of Children and Family Services (DCFS) filed a Welfare and Institutions Code section 300 petition (Petition) on behalf of Ty, who was at the time five years old. The Petition made identical allegations under subdivisions (b) and (d), alleging that Ty's mother (Mother) created a detrimental and endangering home environment and failed to protect him, by allowing Father (the biological and presumed father) to reside in their home and have unlimited access to Ty when Mother knew Father was a registered sex offender and not supposed to reside with or be alone with children.[2]

---

[1] Father was convicted in 1986 of committing lewd acts with a 13-year-old female child and sentenced to three years in prison and two years of probation, and required to register as a sex offender. In 1989, Father was convicted of committing lewd acts with the same child, including sexual penetration, and sentenced to two years in prison. From 1995 to 2002, Father was periodically arrested for probation violations and other penal violations not related to sexual offenses. In January 2012, Father was arrested for failing to register as a sex offender. In May 2013, Father was arrested for violating his PRCS restrictions by moving in with mother upon his release. In December 2013, Father was arrested for moving in with Mother and Ty.

[2] Mother is not a party to this appeal.

Also on February 26, 2014, DCFS filed a Detention Report stating that on February 18, 2014, DCFS received a referral alleging risk of sexual abuse and possible general neglect by Mother for failing to protect. The caller informed DCFS that during a probation check on Father, he was found in the home of Mother and Ty and Father stated that he was living in the home; Father, however, was prohibited from residing with any children. Police also found toys in the home, a video dated February 9, 2014 taken by Father of Ty at a pet store, a DVD with a pre-adult female in a sexual position, and literature related to religious laws on sexual relationships with three year olds. The police report attached to the Detention Report listed, inter alia, the following restrictions as terms of Father's probation: not be alone with minors, not reside with minors, and not possess children's toys. Father was arrested on February 18, 2014, at Mother's home for violating the terms of his PRCS.[3]

Attached to the Detention Report was a February 21, 2014 order, authorizing the removal of Ty from his Mother and Father signed by Referee Stephen C. Marpet. The copy of the removal order attached to the Detention Report was not countersigned by a superior court judge.

At the February 26, 2014 detention hearing, the juvenile court found a prima facie case had been established and ordered Ty detained from his parents.

Father was incarcerated at the time of the detention hearing. He remained incarcerated at the time of the jurisdictional hearing on June 4, 2014.[4] At the jurisdictional hearing, the juvenile court sustained the Petition as alleged.

At the dispositional hearing on June 5, 2014, and continued on June 11, 2014, Father remained incarcerated but was present at the hearing with counsel. On June 11, 2014, the juvenile court declared Ty a dependent of the court and ordered him removed from parents' custody. As to Mother, the juvenile court ordered reunification services,

---

[3] Father had been released 11 days earlier, on February 7, 2014, after his December 17, 2013 arrest for violating the terms of his PRCS by residing with Mother and Ty.

[4] Father was present and represented by counsel at the jurisdictional hearing.

3

allowed Mother to reside in the home of caretaker and have unmonitored visits in the home, and ordered monitored visits outside the home.

As to Father, the juvenile court denied reunification services under Welfare and Institutions Code section 361.5, subdivision (b)(12) and (b)(16). However, with respect to visitation, the juvenile court stated at the hearing that "the court will order monitored visits. I know under the terms of probation right now, he is not allowed to have contact with the child. However, if that is lifted, if that prohibition is lifted, this court would permit monitored visits." The juvenile court then noted that such visitation "could form the basis for a 388 petition some day down the road, along with a showing by the father of taking responsibility for his past actions and evidence to convince the court that, in fact, reunification services would be in the child's best interest when appropriate." The June 11, 2014 minute order, in turn states that "Father granted DCFS-approved monitor visits with the child, but only if the criminal restrictions currently in place are lifted." The court ordered case plan also filed on June 11, 2014, states "No visitation/contact per Father's probation terms." And a restraining order requested by Mother's counsel and granted by the juvenile court on June 11, 2014, states "monitored visits only if and when criminal probation terms permit such visits."

At the time of the dispositional hearing, the terms of Father's PRCS included, inter alia, the following restrictions:

"3. Do not be alone with minor, all supervised contact with minor must have prior approval by the probation officer; [¶] . . . [¶]

"5. Do not reside with any minor including, but not limited to, natural children . . . unless approved in writing by probation officer; [¶] . . . [¶]

"35. Do not associate with/stay away from unsupervised minors under age 18." These restrictions were to remain in force until February 1, 2015.

Father filed a timely notice of appeal on June 11, 2014.

4

Father's first argument on appeal is that the juvenile court abused its discretion because the visitation order in effect provides for no ongoing visitation for Father with his son and was based on the court's erroneous acceptance of the assertion by counsel for DCFS that Father was to have no contact with Ty under the terms of his criminal restrictions. Father further argues that he was "not able to commence visitation with Ty upon issuance of the [visitation] order, and the court effectively left to the indefinite future the timing of the start of Father's visitation."

A juvenile court has broad discretion to fashion dispositional orders, including orders regarding visitation, based on "'what would best serve and protect the child's interest . . . .'" (*In re Neil D.* (2007) 155 Cal.App.4th 219, 225.) As a result, "[a]n order setting visitation terms is generally reviewed for abuse of discretion." (*Los Angeles County Dept. of Children & Family Services v. Superior Court* (2006) 145 Cal.App.4th 692, 699, fn. 6; *In re Jennifer G.* (1990) 221 Cal.App.3d 752, 756; *In re Emmanuel R.* (2001) 94 Cal.App.4th 452, 465.) "'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.'" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.) An abuse of discretion does not occur unless the juvenile court "has exceeded the limits of legal discretion by making an arbitrary, capricious or patently absurd determination." (*In re Tamneisha S.* (1997) 58 Cal.App.4th 798, 806.)

Here, we find no abuse of discretion in the juvenile court's visitation order. The court stated that it would "order monitored visits" but that "under the terms of probation right now, he is not allowed contact with the child. However, if that is lifted, if that prohibition is lifted, this court would permit monitored visits." The terms of Father's PRCS state that Father cannot "be alone with minor" and require that "all supervised contact with minor must have prior approval by the probation officer." Father does not contend that he had "prior approval" from his probation officer for supervised contact. Without such prior approval, Father was prohibited by the terms of his PRCS from

having even supervised contact with Ty. There was no showing by Father that he is unable to apply for modification of the terms of his PRCS or that he has made any request of his probation officer to permit monitored visits with Ty. In this context, the juvenile court did not abuse its discretion in not ordering immediate visitation for Father nor in stating that it would permit monitored visits if the prohibition against contact were lifted -- which Father could presumably have demonstrated by showing that he had obtained approval from his probation officer to have supervised visits with Ty. Accordingly, we find the visitation order to be within the bounds of the juvenile court's discretion.

Father's second argument on appeal is that the removal order in this case was invalid because the order was only signed by a referee and was never signed by a judge.

On January 2, 2015, this Court granted County Counsel's December 4, 2014 request for judicial notice of a conformed copy of the February 21, 2014 referee's removal order in this case, showing that Judge Amy M. Pellman countersigned the order on February 24, 2014.[5] Because the removal order in this action was in fact countersigned by a judge, Father's second argument is without basis.

## DISPOSITION

The juvenile court's order is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.          JOHNSON, J.

---

[5] The request for judicial notice also included a juvenile court memorandum outlining the procedure to be utilized in dependency actions for removal orders including explaining the process for the signing or countersigning of removal orders and the distribution of conformed copies.

6